UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TERESA REED, ROBERT DODD, | ) | |
|---|---|---|
| DENISE ORTH, GERALD FRITZ, and | ) | |
| DEBBIE TESON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15 CV 1319 JMB |
| | ) | |
| ST. CHARLES R-VI SCHOOL DISTRICT, | ) | |
| KIM HARRIS, and CYNTHIA PRIEST, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**[1]

This lawsuit alleges racial and age discrimination by the St. Charles School District and two of its supervisors toward members of the District's transportation staff, including bus drivers and dispatchers. The suit was filed by five white employees who allege that they were subjected to harsher discipline than similarly-situated African-American employees and denied "perquisites and benefits" relative to African-American employees. See, e.g., ECF No. 23-1 at 1, 8, and 18 (alleging white employees were disciplined more harshly for employment infractions than African-Americans, who were often not disciplined at all); see also ECF No. 1-1 at 33 (alleging that similarly-situated African-American employees were given extra opportunities to work extra overtime, and that African-Americans were permitted to change positions when they were allegedly not succeeding at their prior positions, while white employees were disciplined more harshly). The suit alleges violation of multiple statutes, including (1) Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) 42 U.S.C. § 1983 ("§ 1983"); and (3) the Missouri Human Rights Act ("MHRA").

---

[1] This matter is before the Court with the parties' consent pursuant to 28 U.S.C. § 636(c).

1

Currently before the Court is Defendants' motion to dismiss all claims filed by Plaintiff Gerald Fritz ("Fritz"). In the motion, Defendants move to dismiss Fritz' Title VII and MHRA claims because Fritz did not file an administrative complaint of discrimination with either the Missouri Human Rights Commission ("MHRC") or the Equal Employment Opportunity Commission ("EEOC"), as required under both Title VII and the MHRA. See U.S.C. § 2000e-5(c) (Title VII); and Mo.Rev.Stat. § 213.075 (MRHA). Furthermore, Defendants urge dismissal of Fritz' § 1983 claim because that count fails to state a claim once the Title VII claims are thrown out, and because § 1983 does not provide substantive rights, as Title VII does, but merely provides a remedy for violation of substantive rights enumerated elsewhere, such as Title VII.

Fritz opposes the motion to dismiss. Fritz contends that the "single filing rule" excuses him from exhausting his administrative remedies, and permits him to "piggyback" off of the administrative filings of the other plaintiffs. Fritz also argues (for the first time in his brief opposing the motion to dismiss) that he has independently and sufficiently pled a cause of action under § 1983 for constitutional violations that are separate from his Title VII and MHRA claims. For the reasons discussed below, the Court agrees that Fritz is entitled to use of the piggyback rule, and that at this stage, Fritz has adequately pled a cause of action under § 1983. Therefore, the Court will **DENY** Defendants' motion to dismiss all counts filed by Fritz.

I. <u>**TITLE VII EXHAUSTION AND THE SINGLE FILING RULE**</u>

Under Title VII and the MHRA, any plaintiff wishing to bring a lawsuit must first exhaust his or her administrative remedies. See <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 109 (2002) (describing Title VII exhaustion requirements); and <u>Igoe v. Dep't of Labor & Indus. Relations</u>, 152 S.W.3d 284, 287 (Mo. 2005) (noting that the filing of an administrative complaint "is a prerequisite to seeking judicial relief" under the MHRA). This means a

prospective plaintiff must file an administrative charge of discrimination with either the EEOC or the MHRC prior to filing a lawsuit. See 42 U.S.C. § 2000e-5(c); and Mo.Rev.Stat. § 213.075. The administrative filing requirement serves two important purposes. "It gives the EEOC an opportunity to eliminate unlawful practices through informal conciliation, and it provides employers with formal notice of the charges being brought against them." See Ulvin v. Northwestern Nat. Life Ins. Co., 943 F.2d 862, 865 (8th Cir. 1991).

There are a limited number of exceptions to the exhaustion rule. One is the so-called "single-filing" rule. This judicially-created exception to the exhaustion requirement permits plaintiffs who have not exhausted their administrative remedies to "piggyback" off of the valid administrative complaints filed by others involved in the case in limited circumstances. This principle appears to have been first recognized in this Circuit in Allen v. Amalgamated Transit Union Local 788, 554 F.2d 876, 882 (8th Cir. 1977).

In Allen, a group of minority union members were not given the same benefits as the white members of their union. Two individuals (including Allen) properly filed complaints with the EEOC before filing suit under Title VII, see Allen, 554 F.2d at 882, but thirteen other minority members of the union joining the lawsuit failed to do so. The District Court dismissed those thirteen plaintiffs because they had not exhausted their administrative remedies. The Eighth Circuit reversed, holding that "it would be nonsensical to require each of the plaintiffs to individually file administrative charges with the EEOC" in that case, because the thirteen each alleged that they were similarly situated to Allen, and similarly discriminated against. Allen 554 F.2d at 882-83. In such circumstances, the court held, "defendants have in no way been placed in jeopardy." Id. at 883. The court permitted the thirteen plaintiffs who had not exhausted their remedies to "piggyback" off of the administrative complaint filed by Allen.

3

Later, in Kloos v. Carter-Day Co., 799 F.2d 397, 400 (8th Cir. 1986), in the context of the Age Discrimination in Employment Act ("ADEA"), the Eighth Circuit specifically adopted the "single filing rule," and more clearly discussed its rationale and applicability. In that case, plaintiff Kloos, who worked for Carter-Day, alleged that his employer discriminated against him on the basis of age. Kloos hoped to represent a class of Carter-Day employees who were similarly discriminated against. Thirteen plaintiffs attempted to join the action, only one of whom had previously filed an administrative complaint. The action was dismissed as to those individuals who had not filed a previous discrimination complaint. The Eighth Circuit upheld this dismissal, but in doing so, it recognized that "ADEA opt-in class plaintiffs should not be required personally to file administrative charges," where the administrative complaint "*at least* alleges class-wide discrimination or claims to represent a class." Kloos, 799 F.2d at 402 (emphasis in original). The court indicated that a non-exhausting plaintiff may piggyback off of a properly-filed administrative charge where the properly-filed charge fulfilled the purposes of exhaustion—providing notice to the employer as to the nature and scope of discrimination charges, and providing an opportunity to the state agency or EEOC to work informally with the employer to eliminate the unlawful practices. Kloos, 799 F.2d at 400. The administrative charge at issue in Kloos, however, failed to allege class-wide age discrimination, or claim to represent a class. Therefore, the notice purpose was not served, and the single-filing rule was not applicable.

The single filing rule continued to be recognized over the ensuing years, with uneven results. Compare Ulvin, 943 F.2d at 865 (denying applicability of the single filing rule because piggybacking plaintiffs raised claims outside the scope of the properly-filed administrative complaint upon which they wanted to piggyback); and Thomure v. Phillips Furniture Co., 30 F.3d 1020, 1027 (8th Cir. 1994) (denying a piggyback claim); with Winbush v. State of Iowa by

4

Glenwood State Hosp., 66 F.3d 1471, 1478 (8th Cir. 1995) (permitting piggybacking where "the EEOC filings that were made put the defendants on notice of allegations that they discriminated against their African-American employees"); and Simpson v. Boeing, 27 F.Supp.3d 989, 991-993 (E.D.Mo. 2014) (allowing non-exhausting plaintiffs to piggyback where plaintiff who exhausted remedies made allegations that were sufficient to put employer on notice of a potential class action).[2]

Outside of the Eighth Circuit, every circuit to consider the question appears to have adopted some version of the single-filing rule. See Tolliver v. Xerox Corp., 918, F.2d 1052, 1056 (2nd Cir. 1990) (setting forth that circuit's requirements for invocation of the "single-filing rule"); Bettcher v. Brown Schools, Inc., 262 F.3d 492, 494-95 (5th Cir. 2001) (same); Equal Employment Opportunity Comm'n v. Wilson Metal Casket Co., 24 F.3d 836 (6th Cir. 1994) (acknowledging the single-filing rule); Horton v. Jackson County Bd. Of County Comm'rs, 343 F.3d 897, 899 (7th Cir. 2003) (acknowledging single filing rule, but declining to apply it); Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1197 (10th Cir. 2004) (applying the single-filing rule); Ezell v. Mobile Housing Board, 709 F.2d 1376, 1381 (11th Cir. 1983); De Medina v. Reinhardt, 686 F.2d 997, 1012-13 (D.C. Cir. 1982) (applying the single-filing rule).

There is one additional wrinkle to the analysis, which is the Supreme Court case of National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002). Morgan, which post-dates the adoption of the single-filing rule, focused on the continuing violation doctrine, but is emphatic that "each discrete discriminatory act [i.e., an act that is not a part of a continuing violation] starts a new clock for filing charges alleging that act." Morgan, 536 U.S. at 113. The

---

[2] Although it appears that piggyback claims are usually used in the context of class action lawsuits, nothing in Eighth Circuit cases expressly limits piggyback claims to the class action context. Cf. Allen, 554 F.2d at 882-83 (applying single-filing rule principles outside of the class-action context).

single-filing rule is implicated by this analysis because it not only dispenses with the need to file a separate charge for each violation of an employee's rights, but also and necessarily with the need to file a *timely* charge. Therefore, Morgan may have undermined the "single-filing" rule because the single-filing rule is perhaps even broader than the continuing violation doctrine that was abrogated in Morgan.

A discussion of Morgan in Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 851 (8th Cir. 2012), makes this clear. The Eighth Circuit there shows that the Morgan Court began with the premise that Title VII requires an administrative charge to be filed "within one hundred and eighty days *after the alleged unlawful employment practice occurred*." Richter, 686 F.3d at 851. The court emphasized the need to treat each discriminatory action discretely, and thus exhaust each claim independently. "The use of the definite article shows that the complainant must file a charge with respect to *each* alleged unlawful employment practice." Id. This language, as well as the language in Morgan, then, is in some tension with the broadest language in some of the single-filing cases, because broad notions of "notice" to the defendant are not the grounds for decision in these newer cases. Instead, cases like Morgan and Richter emphasize the statutory language requiring that "*the* alleged unlawful employment practice" be presented to the EEOC.

Nonetheless, the holding of Allen, which established the single-filing rule in Title VII cases, still appears to be good law, as does the holding of Kloos, which explicitly discussed the single-filing rule in the ADEA context.[3] Therefore, plaintiffs who allege that they have been discriminated against may still rely on the single filing rule where the purposes of the exhaustion requirement have been met: that is, where the defendant has notice of the charges, and where the

---

[3] Indeed, both the Seventh and the Tenth Circuits have applied the single-filing rule post Morgan, even while acknowledging the tension between Morgan and the single-filing rule, as has a district court in this district. See Simpson, 27 F. Supp.3d at 991-93.

6

government agency has had a chance to negotiate an end to the unlawful practices through informal methods of conciliation. See Kloos, 799 F.2d at 400; see also Simpson, 27 F. Supp.3d at 991-93 (continuing to apply single-filing rule post Morgan). If Morgan has undermined the single-filing rule, it is the purview of the Eighth Circuit to overturn the holding of Allen.

Taking into account these principles, the Court acknowledges that this case presents a close question, but holds that the single-filing rule applies here, and that Defendants' motion to dismiss should be denied. Primarily, this is because this matter falls within the holding of Allen. As noted above, in that case, the Eighth Circuit permitted thirteen African-American union members to pursue claims against their union, even though they failed to exhaust administrative remedies, because the "13 additional plaintiffs alleged facts demonstrating that they were similarly situated and had received the same discriminatory treatment as [the two union members who did exhaust their administrative remedies]. Under such circumstances … it would be nonsensical to require each of the plaintiffs to individually file administrative charges with the EEOC. Defendants have in no way been placed in jeopardy." Allen 554 F.2d at 882-83.

All of this language is applicable to Fritz. He and his co-plaintiffs have alleged facts demonstrating that they are similarly situated and received the same discriminatory treatment. Indeed, the Complaint in this matter mostly alleges facts that are applicable to all five plaintiffs. Only a minority of the facts alleged in the whole Complaint are specific to each plaintiff. Here, Defendants have "in no way been placed in jeopardy" due to the failure of one (out of five) of the Plaintiffs to not exhaust administrative remedies, especially when Fritz would have alleged facts substantially similar to those already alleged in four other administrative complaints.

Furthermore, Defendants in this matter had sufficient notice of the allegations that Fritz was going to make, as required under Kloos. Indeed, Defendants received multiple charges of

7

discrimination all alleging discrimination against white employees within the transportation department. Furthermore, the specific content of some of the charges should have given notice as to the scope and nature of the discrimination. Plaintiff Debbie Teson's administrative complaint is a good example. In her complaint, Teson specifically alleges that "White drivers [were] being disciplined and held accountable for infractions that Black drivers were not being disciplined for. Respondent has discharged ten (10) White drivers during the 2013-2014 school year. Only one (1) Black driver was discharged during the same period and he was given another job within the school district whereas White drivers were not offered other positions that they qualified for." (ECF No. 23-1 at 18) Also relevant to this issue of notice, Plaintiffs specifically allege in their Complaint that "Plaintiffs and other white employees of the District's Transportation Department have notified the District's administration of the discrimination taking place in the District's Transportation Department." (ECF No. 1-1 at 34) Therefore, Defendants were on notice as to the allegations of systemic discrimination towards white members of their transportation staff.

The Court also notes that in the EEOC Intake Questionnaires Plaintiff Fritz is specifically discussed by name as someone who was discriminated against because of his race. (ECF No. 23-1 at 3, 14, and 25) At oral argument, however, Defendants represented to the Court that they had not seen the Intake Questionnaires before this suit. Defendants represented that they were only given the charge of discrimination itself. The Court will proceed upon that representation, but for the reasons discussed above, this information does not change the Court's ultimate decision.

Defendants argue in opposition that "because [Fritz's] allegations pre-date those of his co-Plaintiffs," the single filing rule does not apply because it "g[ave] Defendants no notice of his claims prior to the filing of the first Charge of Discrimination in this matter." (ECF No. 20 at 1)

8

But this is not the test. Defendants do not need to have notice of Fritz' claims before the filing of the first administrative complaint; they need to get their notice before Fritz' lawsuit is filed. In fact, there is no explicit timing requirement at all, under Kloos. Instead, the focus of the Kloos test is the scope of the notice given to the defendants. Kloos, 799 F.2d at 400. In other words, the specific timing of which discriminatory events happened in which order is not the type of notice that is needed under the case law. The notice that is important is: (1) who is likely to sue on the grounds of discrimination; and (2) what are the likely grounds, and actions that are likely to give rise to this lawsuit. In this case, the administrative complaints filed by the co-plaintiffs clearly lay out who was discriminated against; who was allegedly doing the discriminating; and how the discrimination was happening. An additional filing by Fritz in this matter would not have served the purpose of Title VII's exhaustion requirement. See Kloos, 799 F.2d at 400.

In summary, as noted above, this matter presents a close case as to whether the piggyback rule applies. But as discussed earlier, the facts here appear to fall within the holding of Allen, and at this early stage, doubts are being resolved in favor of the non-moving party. Therefore, Defendants' motion to dismiss Fritz' Title VII and MHRA claims will be denied.

## II. FRITZ' SECTION 1983 CLAIM

As noted above, Defendants also assert that Fritz' § 1983 claim should be dismissed, arguing that once Fritz' Title VII claim is dismissed, then there is no substantive violation of the law alleged, because § 1983 is a merely remedial statute, and does not itself provide for substantive rights, like Title VII does. Fritz responds in two ways. First, he argues that the single filing rule applies, and that, therefore, he has alleged a sufficient cause of action to sustain his § 1983 claim. Second, Fritz argues that, even if the Title VII and MHRA claims are thrown out, he has alleged intentional racial discrimination in violation of the Fourteenth Amendment.

Fritz claims that this allegation is sufficiently independent of the Title VII claim that it stands regardless of the fate of the Title VII claim.

The Court agrees with Fritz on both points. As discussed above, the single-filing rule was properly applied here, and therefore, the § 1983 claim stands as a remedy for violation of Title VII. Moreover, even if the Title VII claim is properly dismissed, Fritz has sufficiently alleged racial discrimination in violation of the Fourteenth Amendment that is independent of his Title VII claims, and is sufficient to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

This question is largely controlled by Henley v. Brown, 686 F.3d 634 (8th Cir. 2012). In Henley, the Eighth Circuit reversed a district court dismissal of an employment discrimination charge that was filed under the Equal Protection Clause (instead of Title VII) for failure to comply with the procedural requirements of Title VII. Henley, 686 F.3d at 643. The Eighth Circuit clarified that, to the extent that a § 1983 claim is based purely on violations of Title VII, then a plaintiff is precluded from bringing a § 1983 claim in an attempt to get around the procedural and exhaustion requirements of Title VII. See Henley, 686 F.3d at 641-43.[4] Where, however, "the employer's conduct violates not only rights created by Title VII, but also rights conferred by an independent source, [such as the federal constitution] Title VII supplements, rather than supplants, existing remedies for employment discrimination." Id. at 641. In Henley, the Court construed allegations of "unlawful and unreasonable" use of force to be allegation of violations of the Fourth Amendment's prohibition on the use of excessive force. Id. at 643. Likewise, that court construed claims of "gender-based discrimination" to be allegations of violations of the Fourteenth Amendment's Equal Protection Clause. Id. Because the plaintiff in

---

[4] This becomes an issue because § 1983 plaintiffs are not required to exhaust their administrative remedies. Therefore, plaintiffs who cannot comply with the Title VII procedural requirements (such as statutes of limitations) will have an incentive to recast their complaints under § 1983. See generally Hopkins v. City of Bloomington, 774 F.3d 490, 492 (8th Cir. 2014).

Henley alleged violations of constitutional rights in addition to violations of Title VII, the procedural requirements of Title VII were inappropriate to those claims.

Similarly, Fritz has alleged intentional racial discrimination by a state actor, which is prohibited by the federal constitution. See, e.g., ECF No. 1-1 at 32 ("During the 2013-14 school year, Defendants would impose discipline upon [Plaintiffs, including Fritz] and other white employees of the District's Transportation Department for minor violations while refusing to impose discipline upon similarly-situated African-American employees of the District's transportation department for the same or similar violations."). Fritz has therefore alleged a violation of substantive rights sufficiently independent of his Title VII allegations. See Henley 636 F.3d at 642-43 (concluding that "an employment discrimination plaintiff asserting a violation of a constitutional right may bring suit under section 1983 alone, without having to plead concurrently a violation of Title VII and comply with the Act's procedural requirements") (citing Notari v. Denver Water Dep't, 971 F.2d 858, 587 (10th Cir. 1992) (holding that a Title VII plaintiff who alleges that his equal protection rights were violated, and requests remedies for those alleged violations under § 1983 has stated an independent basis for his § 1983 claim, "even if the claims arise from the same factual allegations and even if the conduct alleged in the § 1983 claim also violates Title VII")).

Although Fritz does not use the words Fourteenth Amendment, it is clear that he has alleged intentional racial violations, which—when done by a state actor—violate the constitution. Cf. Foster v. Wyrick, 823 F.2d 218, 221 (8th Cir. 1987) (holding that a plaintiff did not state a claim for racial discrimination because he failed to allege *intentional* discrimination, or discriminatory racial purpose). Therefore, it is clear that Fritz has alleged a violation of his constitutional rights that is sufficiently independent of his Title VII claims.

Finally, as far as the sufficiency of the factual matter plead, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). "A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the Court must accept all of the pleaded facts as true. Braden, 588 F.3d at 594. Here, giving Plaintiff the benefit of the doubt—even though he did not mention the Fourteenth Amendment—he has alleged facts that tend to show intentional discrimination. Allegations that jobs were specifically given to African-American individuals *because of their race*, and that African-American employees were treated less harsh in disciplinary matters, while similarly-situated white individuals were punished more harshly *because of their race* are factual allegations which, if true, show discriminatory racial purpose prohibited by the Fourteenth Amendment. This is enough to survive a motion to dismiss.

### III.  CONCLUSION

For all of the foregoing reasons, Defendants' motion to dismiss Plaintiff Gerald Fritz's claims is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss all claims by Gerald Fritz (ECF No. 15) is **DENIED**.

Dated this 18th day of October, 2016

/s/ ***John M. Bodenhausen***
UNITED STATES MAGISTRATE JUDGE